# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 20-11412 |
| | § | |
| SAMUEL C. LEBLANC, JR., | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

## ORDER AND REASONS

Before the Court is the *Motion for Relief from Automatic Stay*, (the "Lift-Stay Motion"), [ECF Doc. 32], filed by Wayne Papania and Beverly Papania (the "Movants"), and the Response thereto (the "Response"), [ECF Doc. 47], filed by Samuel C. LeBlanc (the "Debtor"). In the Lift-Stay Motion, the Movants request that this Court lift the automatic stay pursuant to 11 U.S.C. § 362(d) so that they may return to the 22nd Judicial District Court in St. Tammany Parish (the "State Court") to conclude a trial between the Movants and the Debtor. The Court held a hearing on this matter on September 24, 2020, and took the matter under submission. [ECF Doc. 56]. For the reasons that follow, this Court finds cause to **GRANT** the Lift-Stay Motion.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2)(A), (G) & (O). The venue of the Debtor's chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

The Movants are third-party plaintiffs in *Isaac Robinson v. Wayne and Beverly Papania and Pyrenees Investments, LLC*, Case No. 2005-11367, pending in the State Court. (the "Lawsuit"). The Lawsuit arises out of the construction of Movants' home in Covington, Louisiana.

[ECF Doc. 32, at 2]. Litigation began in March 2005 when a subcontractor filed suit on an open account against the Movants and Pyrenees Investments, LLC ("Pyrenees"), the general contractor on the project, seeking payment for work performed in conjunction with the construction. *Id*. Pyrenees, in which the Debtor is a 100% member, filed its own no-asset chapter 7 bankruptcy case in this Court, *In Re: Pyrenees Investments, LLC*, No. 20-11411, which was closed on October 19, 2020. After fifteen years of litigation, which has included numerous amendments to the Petition, a partial reversal of the trial court's grant of summary judgment, and subsequent remand, the Movants' claims against the Debtor at this time include "fraud, negligent misrepresentation, and general negligence under an alter ego doctrine." [ECF Doc. 32, at 2–3].

After several continuances, the State Court held a bench trial on June 22, 23, and July 2, 2020. *Id*. at 4. The trial was expected to conclude on the fourth day, August 14, 2020; however, the Debtor filed for bankruptcy relief under chapter 11 of the Bankruptcy Code on August 2, 2020. Accordingly, the Lawsuit was automatically stayed under 11 U.S.C. § 362. *Id*. The Movants filed the Lift-Stay Motion "to permit the conclusion of a trial between Movants and Debtor," thereby liquidating their claims against the estate *Id*. at 1. Through the Lift-Stay Motion, the Movants ask this Court to terminate the stay to finish the fourth day of trial and reduce the Lawsuit to judgment, but state they will return to this Court to be paid "pursuant to any confirmed plan of reorganization" and they "will not attempt to collect any amounts awarded by the State Court outside the bankruptcy process." *Id*.

In his Response, the Debtor explained that the Lawsuit "actually consists of two distinct actions for the purpose of this bankruptcy case." [ECF Doc. 47, at 2]. "One action involves theories of general negligence, which, if and when determined, will give Movant a noncontingent liquidated claim as a general unsecured creditor." *Id*. at 3–4. Separate from the negligence claim,

2

however, are "the assertions in State Court of issues grounded in fraud." *Id.* at 3. The Debtor "opposes continuation of the litigation before the State Court on any issue pertaining to a judicial determination of fraud." *Id.* But the Debtor does not oppose this Court lifting the stay to resume the proceedings in State Court "for the sole purpose of determining Debtor's liability, if any, and quantification of associated damages under a theory of general negligence." *Id.* The Debtor also does not oppose allowing "the State Court (after ruling on negligence) to issue Findings of Fact as to theories involving fraud," for this Court to consider whether those findings are sufficient to establish fraud under the non-dischargeability standard found in § 523 of the Bankruptcy Code. *Id.* The Debtor proposes that this Court sever the fraud claims from the ongoing litigation for later determination by this Court or "allow the State Court (after ruling on negligence) to issue Findings of Fact as to theories involving fraud, for this Court's later determination as to whether those Findings of Fact are sufficient to establish fraud under the non-dischargeability standard[.]" *Id.*

## DISCUSSION

The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of" the bankruptcy case. 11 U.S.C. § 362(a). The automatic stay has three basic purposes: "(1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts[;] (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors[;] and[] (3) to provide for an orderly liquidation or administration of the estate." *Prewitt v. N. Coast Vill., Ltd. (In re N. Coast Vill., Ltd.)*, 135 B.R. 641, 643 (9th B.A.P. Cir. 1992); *see also Commonwealth Oil Ref. Co. v. U.S. Envtl. Prot. Agency (In re Commonwealth Oil Ref. Co.)*, 805 F.2d 1175, 1182 (5th Cir. 1986).

Creditors may obtain relief from the automatic stay by showing cause. *See* 11 U.S.C. § 362(d)(1). "The term 'cause' as used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis." *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). Indeed, the Fifth Circuit has stated that "this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (quoting *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986)). The Bankruptcy Code gives courts broad discretion to provide appropriate relief from the automatic stay. *See Atkins v. Atl. Ambulance Assocs., Inc. (In re Atl. Ambulance Assocs., Inc.)*, 166 B.R. 613, 615 (Bankr. E.D. Va. 1994).

### A. Allowing the Lawsuit to Proceed in State Court Will Not Usurp This Court's Authority to Determine Whether the Debtor's Debts Are Nondischargeable Under § 523

When ruling on modifications to the automatic stay to allow litigation to proceed in another forum, some courts have considered whether the litigation that the movant wishes to continue would result in "great prejudice" to the estate or debtor and whether "the hardship to the [movant] caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay." *In re Fowler*, 259 B.R. 856, 859–60 (Bankr. E.D. Tex. 2001) (quoting *In re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982)). The Movants argue that lifting the stay will not result in great prejudice to the Debtor because the parties need "less than one full day" to complete the trial and the parties are prepared to complete the trial. [ECF Doc. 32, at 7]. The Movants aver that if the stay is not lifted, they "will suffer the added expense of litigating these issues a second time" in this Court, which "is unfamiliar with the facts and issues involved

in the Lawsuit." *Id*. Finally, the Movants contend that they have a probability of success in prevailing in the Lawsuit. *Id*. at 8.

In response, the Debtor contends that allowing the State Court to proceed on the fraud claims, "would create a quagmire forcing the Debtor to defend itself on two different playing fields" and, therefore, prejudice the Debtor. [ECF Doc. 47, at 6]. In response to the Movants' suggestion that the State Court may determine whether the claim is dischargeable, the Debtor discusses at length the differences between findings of fraud in State Court and this Court's determinations of fraud under 11 U.S.C. § 523(a)(2). [ECF Doc. 32, at 7; ECF Doc. 47, at 3–5]. The Debtor avers that this Court cannot defer a determination of non-dischargeability for fraud to another forum. *Id*. at 3.

The Debtor is correct that bankruptcy courts have sole authority to decide whether a debt is nondischargeable. "The ultimate finding of whether [a debt is nondischargeable, as 'defined' by the bankruptcy law] is solely [in] the province of the bankruptcy court." *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 278 (5th Cir. 1994) (citing *Harold V. Simpson & Co. v. Shuler (In re Shuler),* 722 F.2d 1253, 1256 (5th Cir. 1984)). But a determination by the State Court as to whether the Debtor engaged in fraudulent inducement under Louisiana law is *not* a determination of nondischargeability. The Fifth Circuit has stated that bankruptcy courts must "look beyond the labels which state courts—and even parties themselves—give obligations which debtors seek to have discharged." *Id*. at 277; *see also Davidson v. Davidson (In re Davidson),* 947 F.2d 1294, 1296 (5th Cir. 1991); *Benich v. Benich (In re Benich),* 811 F.2d 943, 945 (5th Cir.1987); *Nunnally v. Nunnally (In re Nunnally),* 506 F.2d 1024, 1027 (5th Cir.1975). Therefore, if Movants reduce their Louisiana fraud claim to a judgment, this will not—and in fact could not—preclude this Court

"from inquiring into the *true* nature of the debt—and ruling contrary to the first court's judgment if necessary." *In re Dennis*, 25 F.3d at 278 (citing *Brown v. Felsen*, 442 U.S. 127, 138 (1979)).

Accordingly, this Court finds that lifting the stay to permit the fraud claim to go forward in State Court is not in an impermissible delegation of this Court's jurisdiction over a § 523(a)(2) determination. Although the stay may be lifted to allow the trial to finish and the Movants' claims to be reduced to judgment, this Court retains its exclusive jurisdiction to make determinations regarding whether a fraud occurred such that the debt resulting from that fraud should be excepted from discharge. This Court may take judicial notice, as necessary, of the findings of fact issued by the State Court in making its final judgment on the merits. *See Wesley v. Sumlin*, 793 F. App'x 343, 344 (5th Cir. 2020) (citing *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001)).

### B. Lifting the Stay To Allow the Lawsuit To Proceed to Judgment in the State Court Serves the Interests of Judicial Economy

In addition to the considerations discussed above, this Court must evaluate factors that courts have identified in deciding whether litigation should proceed in another forum. Those factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see also In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). Not all factors may be relevant to each case; indeed, "[a] court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010) (citation omitted).

Both parties argue that judicial economy supports their proposition. [ECF Doc. 32, at 6; ECF Doc. 47, at 7]. Courts have held that the interests of judicial economy and efficiency are "best-served by liquidating claims before the court that knows the parties and the factual and legal issues and can schedule final hearings in short order." *In re VidAngel, Inc.*, 593 B.R. 340, 349 (Bankr. D. Utah 2018) (internal quotations and citations omitted). The decision to lift the stay may be upheld on judicial economy grounds alone. *See In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994) (citing *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985)).

The Movants explain that the Lawsuit, originally filed in 2005, has been adjudicated by the same judge since 2009, extensive discovery has taken place, and three days of a four-day bench trial have been completed. [ECF Doc. 32, at 7]. The Movants argue that allowing the Lawsuit to finish will "prevent the Court from the unnecessary use of time, energy, and judicial resources to conduct a trial." *Id*. at 8. The Debtor argues, however, that lifting the stay for the fraud claim gives the Movant "two bites at the apple," and that disposing of potential fraud claims before the bankruptcy court is the simplest solution. [ECF Doc. 47, at 7]. Furthermore, the Debtor argues that it will incur extra litigation expenses in defending itself in the Lawsuit. *Id*.

Here, the Court acknowledges that the State Court has invested significant time in the parties' dispute, and that their issues are familiar to that court. The pending Lawsuit has progressed nearly to completion and, therefore, as a practical matter, the Court agrees that the State Court is

the better place to resolve the state law claims. *See Parker v. Miller (In re Miller)*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018) (citation omitted). Further, the prejudice to the Movants of being unable to finish less than a day of trial, after fifteen years of litigation, outweighs any hardship to the Debtor resulting from lifting the automatic stay. Finally, as discussed above, although the claims alleged in the Lawsuit should be decided by the State Court, this Court is not bound by any findings in determining § 523 dischargeability. Thus, the Court finds that lifting the stay to allow the Lawsuit to proceed to judgment in the State Court supports judicial economy.

## CONCLUSION

**IT IS ORDERED** that the Lift-Stay Motion is **GRANTED** and the automatic stay under 11 U.S.C. § 362 is hereby modified to allow the Lawsuit to proceed to judgment in the State Court;

**IT IS FURTHER ORDERED** that the Movants are prohibited from executing on any judgment obtained and must pursue any recovery against the estate through the Debtor's proceedings in this Court;

**IT IS FURTHER ORDERED** that any final judgment of the State Court shall have no preclusive effect as to any issue that is considered a core matter under applicable federal bankruptcy law, including, but not limited to, any action or proceeding in this Court under 11 U.S.C. § 523 or any action or proceeding in this Court to determine property of the estate under 11 U.S.C. § 541; and

**IT IS FURTHER ORDERED** that Movants shall add the Subchapter V Trustee as a necessary party in the Lawsuit so that the interests of the estate may be protected.

New Orleans, Louisiana, November 10, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE